IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-10-22-1 |
| v. | § | (C.A. No. C-11-230) |
| | § | |
| ROGELIO VASQUEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND DENYING
CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant Rogelio Vasquez' (Vasquez) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 66. The government filed a Response and Vasquez filed a reply. D.E. 75, 78. After the briefing was complete, the Court held an evidentiary hearing solely on the issue of counsel's failure to file a notice of appeal. D.E. 79, Minute Entry March 21, 2012. For the reasons discussed herein, Vasquez' motion to vacate (D.E. 66) is DENIED, he is DENIED a certificate of appealability.

**I.  JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**II.  FACTS AND PROCEEDINGS**

**A.  Criminal Offense**

Vasquez was indicted in January 2010 for possession with intent to deliver more than 50 grams of methamphetamine, approximately 456.68 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). D.E. 1. He was arrested within the week. Minute Entry January 19, 2010.

1

The day after his arrest, Vasquez made his initial appearance in federal court. D.E. 9. During that appearance, he requested appointed counsel. Id. Counsel was appointed two days later. New counsel was appointed on January 27, 2010, and rearraignment was held approximately two months later to consider Vasquez' guilty plea. D.E. 31.

Vasquez entered into a written plea agreement with the government. D.E. 34. In exchange for his guilty plea to the indictment, the government agreed to recommend that Vasquez be given maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guidelines. Id. at ¶ 2. Vasquez retained his right to appeal and to file a post-conviction motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. See Id. at ¶ 7.

At rearraignment, Vasquez was questioned by the Court as to his understanding of the indictment and the charges against him. He affirmed that he signed the plea agreement voluntarily, that before he signed it, he read it and understood its terms. D.E. 68 at 8-9. Defendant testified there were no promises to him other than those included in the plea agreement. Id. at 9. The Court reviewed the terms of the plea agreement with Vasquez. Id. at 9.

Vasquez was advised that the penalty range was a "minimum mandatory term of 5 years up to 40 years, up to a $2 million fine, at least four years of supervised release, a $100 special assessment, and a provision for community restitution." Id. at 13. The Court reviewed the process of sentencing and the penalties for violation of supervised release. Id. at 13-16. The Court also advised Vasquez of his trial rights. Id. at 16-17. After advising Vasquez of the elements of the crime, the government's attorney related the facts the government expected to be able to prove. Id. at 17-22.

The government outlined its investigation of Vasquez which included a video and audio recording of Vasquez and his co-defendant meeting with a confidential informant and talking to the informant about "working" for them to sell methamphetamine. Id. at 21. During that videotaped

meeting, .Vasquez handed the informant a package which was later determined to contain methamphetamine. The parties discussed the quantity of methamphetamine that was delivered. Id. The package had a net weight of approximately 456.8 grams of methamphetamine. Id. at 22. Vasquez agreed with the government's factual recitation and pled guilty. Id. The Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). D.E. 35.

The PSR calculated Vasquez' base offense level to be 36 based upon the drug quantity of 6.305 kilograms of methamphetamine. D.E. 35 at ¶ 13. That amount was calculated based upon the drug package given to the informant, but increased based upon an investigation that began in April 2008. The informant paid $1300 per ounce of methamphetamine and generally paid Vasquez $21,000 each time they met. The informant stated that Vasquez was known to carry a gun and the informant saw the gun tucked into Vasquez' waistband when he delivered methamphetamine. The informant confirmed delivery dates and quantities of methamphetamine during debriefing. For the period from October 2008 to February 2009, Vasquez delivered 14 pounds of methamphetamine. Id. at ¶¶ 4-7.

Vasquez' offense level was enhanced by two points for possession of a firearm. Id. at ¶ 14. He received 3 points credit for acceptance of responsibility for a total offense level of 35. Id. at ¶¶ 19-22. Vasquez had a number of unscored previous convictions, and two scored convictions for possession of cocaine in a drug free zone and money laundering, for a total of three criminal history points and a criminal history category of II. Id. at ¶¶ 25-31. The guideline sentencing range was 188-235 months with a statutory minimum sentence of 5 years. Id. at ¶¶ 51-52. Counsel filed no objections to the PSR. D.E. 71 at 2.

Sentencing was held in July 2010. Vasquez testified that he read the report and discussed it with his counsel before sentencing. D.E. 71 at 2. When given an opportunity to speak, Vasquez

stated "I am very sorry I got involved in drugs and I will never do it again." Id. at 4. The Court sentenced Vasquez to 188 months imprisonment, 5 years supervised release, no fine, and imposed a special assessment of $100. Id. at 4-5. The Court advised Vasquez of his right to appeal, which Defendant acknowledged. Id. at 5. Judgment was entered on the docket on July 8, 2010. D.E. 47.

Vasquez filed his motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 on July 14, 2011. D.E. 66. It is timely.

### III. MOVANT'S ALLEGATIONS

Vasquez raises several claims of ineffective assistance of counsel. First he claims that counsel was ineffective because he failed to 1) file a notice of appeal at his request, 2) inveigled him into entering into a plea agreement that did not benefit him, and 3) failed to object to the enhancement for possession of a firearm. D.E. 66.

Although the government acknowledged the need for an evidentiary hearing, it urged the Court to deny the remaining claims. D.E. 75.

### IV. ANALYSIS

**A.   28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United

4

States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

### B.     Standard for Ineffectiveness of Counsel

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[1]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

The prejudice standard differs for a claim that counsel failed to consult with a defendant about filing an appeal and also failed to file a notice of appeal as directed. If a defendant requests

---

[1] The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a showing that the appeal would be meritorious. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 486 (2000); cf. United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007); see also United States v. Harger, 354 Fed. Appx. 151 at *1 (5th Cir. Nov. 19, 2009) (designated unpublished) (reversing and remanding for evidentiary hearing on this issue).

### C.   Evidentiary hearing on Claim Counsel Failed to File a Notice of Appeal

Vasquez testified that after sentencing, he was taken to a holding cell. His attorney visited with him there. Vasquez claimed he told counsel at that time that he wanted to appeal his sentence. Counsel advised Vasquez that counsel would come to see him at the facility regarding the request, but counsel did not do so. Vasquez did not hear from counsel again. Vasquez admitted that he did not try to contact counsel by telephone or by letter after sentencing. Vasquez testified that when he spoke to counsel about the PSR before sentencing, the only issue that concerned him was the gun enhancement. Vasquez remembered that the Court advised him of his right to appeal within fourteen days, but he thought counsel was taking care of that.

Defense counsel testified that he has been an attorney for 22 years, concentrating in criminal defense law for 20 years. 95% of his work is criminal defense with 40% of that work in federal court. He is not licensed in the Fifth Circuit and does not do appellate work, but is aware of a defendant's appellate rights. He does not specifically recall what he told Vasquez, but he generally tells clients about their right to appeal in the meeting before any plea proceeding and again before sentencing. He thinks he followed the same procedure with Vasquez. When counsel met with Vasquez, Vasquez did not in any way indicate he wanted to appeal. Had Vasquez told him he wanted an appeal, he would have prepared and file a notice of appeal and moved to withdraw. He has prepared notices of appeal several times before in federal court.

This Court must resolve the clear factual dispute between Vasquez and his counsel as to whether Vasquez requested that counsel file a notice of appeal. The Court resolves the credibility dispute in favor of counsel. The Court finds Vasquez' claim that he told counsel to file a notice of appeal not credible in light of Vasquez' silence at sentencing on the issue of the gun when given an opportunity to speak and his current claim that he wanted to contest the gun possession. Vasquez' claim that counsel was requested to file a notice of appeal but did not do so is denied.

**D.     Remaining Claims Ineffective Assistance**

    1.     *Counsel failed to object to gun enhancement*

Vasquez claims that counsel should have objected to the two point enhancement for possession of a dangerous weapon. The two point enhancement for the presence of a dangerous weapon is one that "should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), application note 3(A). Vasquez does not claim any factual basis for counsel to object to the firearm enhancement. This issue was not raised at sentencing and, based upon Vasquez' testimony at the recent evidentiary hearing, the Court finds that Vasquez did not perceive the gun enhancement to be an issue until long after sentencing, when Vasquez began working on his motion to vacate. The claim that counsel was ineffective at sentencing for failing to object on that basis is denied.

    2.     *Counsel inveigled Vasquez into a plea agreement that did not benefit Vasquez*

Vasquez claims that his counsel talked him into a plea agreement that provided him no benefit. As an initial matter, Vasquez does not state what counsel allegedly did to persuade Vasquez

to enter into the plea agreement. Vasquez testified at rearraignment that his decision was voluntary and that he was not promised anything other than the written terms of the agreement. D.E. 68 at 8-9.[2]

Vasquez does not state in what respect his plea agreement provided him no benefit. Vasquez was rearraigned with several other defendants who also entered into plea agreements with the government. During rearraignment, the Court reviewed all of the plea agreements and several of the other plea agreements included waivers of the defendants' right to appeal or to file post-conviction motions. See D.E. 68 at 10-12.[3] Vasquez' plea agreement provided him a greater benefit than the others whose plea agreements waived those rights. Notably, Vasquez does not claim he would have gone to trial but for counsel's alleged persuasion. He seems to claim he should have gotten a better

---

[2] Vasquez testified as follows,
THE COURT: I'm going to ask the three of you some
questions about your plea agreements. The first question is
whether or not you signed this agreement voluntarily.
Did you sign it voluntarily, . . .
 *      *      *      *
THE COURT: Mr. Vasquez?
DEFENDANT VASQUEZ: Yes, sir.
 *      *      *      *
THE COURT: How about you, [ANOTHER DEFENDANT]? Anyone make
any offers to you to get you to plead guilty other than what's
in the agreement?
 *      *      *      *
THE COURT: Mr. Vasquez, anybody make any --
DEFENDANT VASQUEZ: No, sir.
THE COURT: -- offers to you?
DEFENDANT VASQUEZ: No, sir.

Id. at 8-9.

[3] THE COURT: All right. Each agreement -- let me
double-check. I'm checking yours, Mr. Vasquez. I believe it
has a waiver of right to appeal. No? Yours does not. Okay.
Is that right, Mr. Starcher? His does not have a
waiver of right to appeal?
MR. STARCHER: That's correct, Your Honor.
THE COURT: And, Mr. [ANOTHER DEFENDANT], you do have a waiver of right to appeal? Yes?
DEFENDANT: Yes, sir.

Id.

8

plea agreement, but the evidence is that his agreement was more beneficial than those of some other defendants and he testified that his agreement was voluntary.

Vasquez' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Vasquez' claim that counsel persuaded him to enter into a plea agreement that provided him with no benefit fails.

## V. CERTIFICATE OF APPEALABILILTY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Vasquez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Vasquez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

### VI.  CONCLUSION

For the foregoing reasons, Vasquez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 66) is **DENIED**. He is also denied a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 2nd day of May, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE